IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ACT II JEWELRY, LLC, a Delaware limited liability corporation, d/b/a lia sophia, and KIAM EQUITIES CORPORATION, a Delaware corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 15-cv-06950 |
| v. | )<br>)<br>) Hon. Harry D. Leinenweber |
| ELIZABETH ANN WOOTEN, an individual, and ADORNABLE-U, LLC, a Delaware limited liability company, NICOLE MEAD, SHANNON ECKELS, and BECKA DAUN, | )<br>)<br>) Mag. Judge Geraldine Soat Brown<br>)<br>) |
| Defendants. | )<br>) |

### PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR
### MOTION FOR REMAND TO STATE COURT

Defendants Elizabeth Ann Wooten ("Wooten"), Adornable-U, LLC" ("AU"), Nicole Mead ("Mead"), Shannon Eckels ("Eckels"), and Becka Daun ("Daun"), in their Memorandum in Opposition to Plaintiffs' Motion to Remand ("Response Brief"), attempt to stave off remand of this matter to State Court by downplaying and mischaracterizing the litigation activities that Wooten and AU (collectively, "Initial Defendants") undertook in the State Court, by mischaracterizing the bases of Plaintiffs' Motion to Remand, and by citation to inapposite case law that either pre-dates revisions to the applicable statutory language or fails to address or account for that changed statutory language. Such obfuscation, however, cannot set aside the fact that the cases—from the district courts in this circuit, as well as the other federal circuits—that have squarely addressed the issue presented in Plaintiffs' Motion to Remand in relation to the current language of the applicable statutory provisions, have nearly unanimously found that

remand is appropriate in the context presented by this case. This court should likewise find that remand is appropriate here.

### I. Plaintiffs Have Properly Asserted a Defect in Defendants' Removal Attempt: Lack of Unanimity

Removal in cases with multiple defendants, like this case, requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C § 1446(b)(2)(A). This is the "rule of unanimity." Plaintiffs' Motion for Remand is based on the fact that the Initial Defendants have not properly joined or consented in the removal of this case to federal court. Remand for lack of unanimity falls squarely within the Court's statutory remand authority under § 1447(c), authorizing remand for "any defect other than lack of subject matter jurisdiction." *See, e.g., Harvey v. UTE Indian Tribe of the Uintah and Ouray Reservation*, --- F.3d --- (10th Cir. Aug. 13, 2015) *("Harvey II")* (holding, in a case factually on point with the instant case, that a remand for lack of unanimity (when earlier-served defendants waived their right to consent to removal through their prior litigation activity), fell within the statutory remand authority under § 1447(c), and therefore was also immune from appellate review under § 1447(d)). Defendants do not cite any authority to refute (or even suggest) that a remand for lack of unanimity is not authorized by § 1447(c).

### II. The Last-Served Defendant Rule Does Not Address the Separate Issue of Waiver by Litigation Activity

Defendants assert that the codification of the last-served-defendant rule in current § 1446(b)(2)(C) should control the inquiry here because that rule provides that when a later-served defendant files a notice of removal, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Defendants take the position that the codification of the last-served defendant rule necessarily means that a corollary issue also must be true: that regardless of any actions taken by a defendant

2

in the state court proceedings, that that defendant will always have the right to join or consent to a removal by a later-served defendant. However, the cases Defendants cite do not support their position and Defendants completely fail in their attempt to distinguish the on-point cases cited by Plaintiffs in their initial brief in support of the Motion to Remand.

Defendants cite *Kennedy v. Bell South Telecommunications, Inc.*, 546 Fed.Appx. 817 (11th Cir. 2013) and *Bisso Marine Co. v. Techcrane Int'l, LLC*, No. 14-0375, 2014 WL 4489618 (E.D. La. 2014) in support of their contention that the operation of the last-served defendant rule allows a defendant to consent to a later-served defendant's removal, regardless of the extent of any prior state court litigation activities by the earlier-served defendant. However, *Kennedy* does not even address the issue of waiver-by-litigation, it merely states the boilerplate language of the last-served defendant rule—that an earlier served defendant, who missed its initial 30-day deadline to remove, can join or consent to a later-served defendant's timely removal petition. *Kennedy*, 546 Fed.Appx. at 818-19. In fact, the language Defendants misleadingly quote from *Kennedy* in their brief ("earlier-served defendants who may have waived their right to independently seek removal … may nevertheless consent to a timely motion by a later-served defendant"; *see* Resp. Br. at 11) is actually language the *Kennedy* court quoted from a different case, *Bailey v. Janssen Pharmaceutica, Inc.*. 536 F.3d 1202 (11th Cir. 2008). The <u>full</u> quotation from *Bailey*, however, demonstrates that it was <u>not</u> addressing the issue of waiver-by-litigation, but rather the standard application of the last-served defendant rule: "Under this rule, earlier-served defendants who may have waived their right to independently seek removal *by failing to timely file a notice of removal*—as [earlier-served defendants] did here—may nevertheless consent to a timely motion by a later-served defendant."). *Bailey*, 536 F.3d at 1204 (emphasis

3

added).  The language Defendants omitted from their quotation speaks volumes—and simply does not address, let alone refute, the issue presented by Plaintiffs' Motion to Remand.

*Bisso* also lends little support to Defendants.  In *Bisso*, the court found that remand was required because: (1) the later-served defendants missed their 30-day deadline to remove; and (2) the case was not removable based on the subject-matter of the claims. *Bisso*, 2014 WL 4489618, *2, 4-5. *Bisso* stated only in cursory fashion that under the last-served defendant rule the Court did not "find support" that the defendant had waived consent to removal, but did so without any analysis of the rule, or of the extent or type of litigation undertaken before removal. *Id*. at *2.

Defendants further cite a number of other cases that purportedly support the position that the last-served defendant rule (as it may have been applied in various courts prior to codification) has abrogated the doctrine of waiver-by-litigation.  *See* Response Br., pp. 11-12.  However, <u>none</u> of those cases so much as address the issue of whether consent can be waived by litigation activity in the state court.  Rather, all of the cases cited by Defendants deal only with the issue of whether the last-served defendant rule applied *at all* (as opposed to the first-served defendant rule or the intermediate rule as also had been applied in several circuits prior to the recent amendments to the statute).  Specifically, in *Fortenbaugh v. Geostar Corp.*, No. C-08-03898 RMW, 2008 WL 4857931 (N.D. Cal. Nov. 10, 2008), cited by Defendants, the court dealt solely with the issue of whether the last-served defendant rule applied.  While the earlier-served defendant in that case had engaged in some litigation in state court prior to consenting to removal (*and with the court acknowledging that such litigation activity could waive the defendant's right to removal*), the plaintiff expressly declined to argue the issue of waiver-by-litigation, opting only to argue that the first-served defendant rule should apply to prevent the earlier-served defendant, who had failed to remove within 30 days, from joining a later-served defendant's

4

removal. The court held the last-served defendant rule applied, and allowed the removal to stand. *Id*. at \*\*1-2. The case clearly does not support Defendants' argument that the last-served defendant rule somehow has abrogated the doctrine of waiver.

Defendants' citation of *Mace Sec. Int'l, Inc. v. Odierna*, No. 08-60778-CIV-ALTONAGA, 2008 WL 3851839 (S.D. Fla. Aug. 14, 2008) is even more puzzling. *Mace* mentioned *in passing* that the circuit had adopted the last-served defendant rule (again, before it was codified), but the case was *not* about whether an earlier-served defendant had somehow waived its right to remove. Rather, the case dealt with the issue of whether the removing party (a counter-defendant) was allowed to remove the case at all, based on its parallel status as a plaintiff. *Id*. at \*\*3-5.[1]

After citing a long string of inapposite cases, the Defendants attempted to distinguish the cases cited by Plaintiffs in their initial brief in support of the argument that a litigant may waive its right to consent to removal through extensive litigation activity in the state court. *See* Resp. Br., p. 13. However, Defendants again mischaracterize the cases, this time in an attempt to downplay their significance. For example, *Harvey v. Ute Indian Tribe of the Uintah & Ouray Reservation*, No. 2:13-cv-00862, 2014 WL 2967468 (D. Utah June 30, 2014) ("*Harvey I*"), cited

---

[1] Likewise, <u>none</u> of the other cases Defendants cite for the proposition that litigants who significantly litigate the case during the state court proceedings nevertheless retain their right to join or consent to a later-served defendant's removal, actually address that issue or make it part of their holding. *See, Heaney v. Costigan*, No. 09-cv-01006, 2009 WL 1605889, \*\*1-2 (D. Col. June 8, 2009) (holding that a later-served defendant who was served *after* the case already had been removed, retained right to seek removal after the district court improperly remanded the case *sua sponte*, as defendant's 30-day window had run while the case was already in federal court); *Bostrom v. N.J. Div. of Youth & Family Servs.*, No. 11-1424, 2011 WL 3684817, \*4 (D.N.J. Aug. 22, 2011) (denying motion to remand as untimely and because all defendants consented to removal "even though both [earlier-served ] Defendants' removal period expired"; while *Bostrom* alluded to other case law finding that removal was proper even after certain litigation had occurred in state court, the cases cited in *Bostrom* for that proposition do not so much as address that issue); *Smith v. Mail Boxes, Etc., Inc.*, 191 F. Supp. 2d 1155, 1159 (E.D. Cal. 2002) (issue of waiver of consent by pre-removal litigation activities not raised or addressed); *Delalla v. Hanover Ins.*, 660 F.3d 180, 187 (3d Cir. 2011) (same); *Destifino v. Reiswig*, 630 F.3d 952, 955-56 (9th Cir. 2011) (same); *Save-a-Life Found. v. Heimlich*, 601 F. Supp.2d 1005, 1010 (N.D. Ill. 2009) (same).

5

by Plaintiffs, explicitly held that a litigant waives its right to consent to removal by a later-served defendant (and, therefore there can be no unanimity) by litigating the case in the state court on the merits. *Id*. at *3. Defendants, however, argue that *Harvey I* should be disregarded because it "fail[ed] to address [the] language of revised section 1446(b)(2)(C)" (which codified the last-served defendant rule). *See* Resp. Br. p. 13. However, a simple examination of *Harvey I* demonstrates that the court <u>specifically</u> and thoroughly formed its holding in direct relation to the revised § 1446(b)(2)(C). The court stated, "Although the removal statute was recently revised to adopt the last-served rule, '[i]t simply does not address the separate issue of waiver of removal, and courts have continued to apply that doctrine even after the effective date of the changes to § 1446(b)(2).'" (quoting *Propane Resources Supply & Marketing, L.L.C. v. G.J. Creel & Sons, Inc.*, No. 12-2758-JTM, 2013 WL 1446784, *1 (D. Kan. Apr. 9, 2013)). Clearly, *Harvey I* addressed the revised version of § 1446(b)(2)(C). As such, it is directly and factually on point with the instant case.

Defendants also attempt to distinguish *Propane Resources*, which was also cited by Plaintiffs in their initial brief. Defendants assert that the Court should disregard *Propane Resources* because, they argue, that case stated, "in *dicta* that defendants who waive the right to remove could potentially waive the right to consent to removal, but holding that no waiver occurred, *without addressing language of amended section 1446(b)(2)(B) or (C)*." Resp. Br. p. 13 (emphasis added). Contrary to Defendants' assertion, however, the case <u>directly</u> held—not in *dicta*—that defendants may waive their right to consent to removal (and hence prevent unanimity) through litigation activity in state court--and made that holding while specifically refuting the <u>exact</u> argument Defendants raise here—that the amendments to § 1446(b)(2) prevent

6

the application of waiver-by-litigation. *Propane Resources*, 2013 WL 1446784, *1. Specifically, the *Propane Resources* court stated:

> In response to the plaintiff's contention that seven of the defendants waived their right to consent to the removal by the filing of answers in the state court, the defendants argue only that the current text of the removal statute precludes any argument of waiver. That is, they contend that a "cursory reading" of 28 U.S.C. § 1446(b)(2)(C) establishes an absolute right to remove an action, regardless of the extent of his or her participation in the state action.
>
> This is incorrect. The cited provision, which was adopted as a part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, P.L. 112–63, and which became effective January 6, 2012, simply states that when defendants are not served at the same time, an earlier-served defendant can consent to a removal initiated by a later-served defendant. The statute thus addresses the issues of the timeliness of removal and the rule of unanimity. It simply does not address the separate issue of waiver of removal, and courts have continued to apply that doctrine even after the effective date of the changes to § 1446(b)(2). *See Aranda v. Foamex Intern*., 884 F.Supp.2d 1186, 1200 (D.N.M.2012) (action removed on April 17, 2012). The doctrine of waiver is based on principles of "judicial economy, fairness, convenience, and comity," *id*. (quoting *Sayre Enterp. v. Allstate Insurance*, 448 F.Supp.2d 733 (W.D.Va.2006)), and these considerations apply with equal force today.

*Id*. Defendants' brazen misrepresentation of *Propane Resources* (stating that it did not address the revisions to § 1446(b)(2), when, in fact, it devoted several paragraphs to that very subject) is breathtaking. The reasoning of *Propane Resources* is directly on point. The cases that have addressed this issue, even after the revisions to § 1446(b)(2), have come down squarely in favor of Plaintiffs' argument in this Motion to Remand: the adoption/codification of the last-served defendant rule did not affect the separate issue of whether a litigant may waive its right to consent to a removal through its prior litigation activity and thus prevent unanimity. Defendants have not put forth any authority that refutes the reasoning of *Harvey I*, *Harvey II* or *Propane Resources*, all of which address the very point at issue in the instant case.

Accordingly, this Court should find, consistent with the persuasive authority cited by Plaintiffs, that the codification of the last-served defendant rule did not have any impact on the

7

separate and distinct question of whether an earlier-served defendant, in certain circumstances, may waive its right to consent to a later-served defendants' removal, thus making unanimity impossible.

### III. The Notice of Removal Was Defective for Lack of Unanimity Because Initial Defendants Waived Their Ability to Consent

#### A. The Initial Defendants Cannot Ignore the Extensive Litigation Activity They Engaged In Prior to Removal

Defendants spend scant time in their Response Brief describing the type and amount of litigation activities Initial Defendants engaged in while this case was in the state court. And for good reason—it was substantial and, as described at length in Plaintiff's initial brief, it went straight to the merits of this case. Defendants attempts to paint Plaintiffs as engaging in "discovery abuses," "threatening and intimidating" third parties, and "defaming" Initial Defendants, should be seen as exactly what it is: an underhanded attempt to sully Plaintiffs before this court. Defendants paint a picture of themselves during the state court proceedings as merely engaging in defensive litigation tactics aimed at keeping keeping the *status quo*, and that the state court repeatedly ruled in Initial Defendants' favor on such defensive motions. (Resp. Br., pp. 2-3). However, that simply is not the case. Initial Defendants undertook and engaged in a scorched-earth litigation effort—losing most of its motions either entirely or in large part. (*See* Plaintiffs' Initial Br., pp., 9-14) [2] Specifically, Defendants filed:

- An "Emergency Motion for Entry of a Protective Order and Case Management Order." (DKT #5-3), requesting the State Court to stay discovery and prevent Plaintiffs from contacting AU's independent sales advisors until after a case management conference was held. That motion was premised largely on the argument that Initial Defendants forthcoming Motion to Dismiss (on the merits)

---

[2] The question is begged by the Defendants' argument: if the state court had been routinely granting Defendants motions to curtail such alleged "abusive" "threatening," "intimidating" and "defamatory" tactics of Plaintiffs (which simply is a fallacy), why would Plaintiffs feel the need to remove to this court? This is not raised in order to attach Defendants' motive for seeking to remove to federal court, only to again show how Defendants' have completely mischaracterized the proceedings to date.

would eliminate the need for much of the discovery. That motion was denied almost in its entirety, but the court ordered that the complaint not be distributed to third parties at that time, as it contained sealed material.

- "Defendants' Motion for Entry of a Protective Order or To Quash or Modify Subpoenas." DKT #6-2. That motion, like their earlier (and denied) Emergency Motion, sought to stay of discovery "pending the *resolution* of Defendants' motion to dismiss"; to limit Plaintiffs' contact with the independent advisors; and to quash or modify the issued third-party subpoenas. Id. at p. 1 (emphasis added). Defendants again premised their motion on the argument that their Motion to Dismiss on the merits would narrow the scope of the litigation and they implored the State Court to resolve its forthcoming motion to dismiss on the merits. The motion was denied in nearly all respects.

- A "Section 2-615 Motion to Dismiss." DKT #6-9. The Motion to Dismiss sought to dismiss the Amended Complaint on the merits, "in its entirety, with prejudice". *Id.* at p. 1. Defendants argued in the Memorandum in Support of their Motion to Dismiss that each and every one of Plaintiffs' eight causes of action should be dismissed for some substantive (not merely procedural) reason.

- A "Response to Plaintiffs' Motion for Leave to File Second Amended Verified Complaint," wherein Initial Defendants again pleaded with the State Court to decide its prior filed Motion to Dismiss on the merits before allowing the SAVC to be filed. Defendants further implored the court to allow them to further attack the new and carry-over claims contained in the SAVC on the merits before allowing it to be filed. That motion was denied.

- A "Motion to Stay Third-Party Discovery and Limit Oral Discovery." In their Reply Memorandum on that motion, filed after all of the New Defendants had been served, and just 7 days prior to removal, Initial Defendants again reiterated their intent to litigate the case in State Court, arguing "Plaintiffs' claims [in the SAVC] are without legal basis and should be dismissed, with prejudice, as Defendants' renewed motion to dismiss will show." DKT#10-9, p. 2. They further pleaded with the State Court: "For the sake of efficiency, our motion to dismiss should be decided before any third-party discovery continues." This motion, too, addressed the merits of the various claims in the SAVC in making its arguments.

- Initial Defendants also engaged in extensive discovery, serving requests to admit, interrogatories, documents requests, third-party subpoenas, and taking third-party depositions. Plaintiffs served other discovery motions, seeking permission to take 50% of the time for all depositions, and asking the court to deem certain facts admitted.

Initial Defendants' attempt to portray themselves as merely engaging in defensive measures in the state court is simply untrue. At nearly every turn, they sought an avenue to have

9

the State Court decide the case on the merits, or to issue orders in the case based on Defendants' merits arguments. The State Court decided most of those issues against Initial Defendants. The doctrine of waiver's purpose is to prevent the removal of a case to federal court once the defendant has manifested an intent to have the state court decide the case on the merits. As evidenced by the history of the case in the state court (which Initial Defendants seek now to downplay) Initial Defendants certainly, and repeatedly manifested such an intent.

### B. There Rule of Unanimity Cannot be Met Because Initial Defendants Waived Their Ability To Consent to Removal

Defendants argue, at length, that *Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir. 1989), prevents waiver from being found in this case. However, as described in Plaintiffs' initial brief, and by several courts in this judicial circuit that specifically have analyzed the continued application of *Rothner* in light of the fact that the very statutory language upon which its holding is based, has twice been amended.

Prior to its 1988 revisions, § 1447(c) stated that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case...." Under the prior wording of the statute, a divided panel of the Seventh Circuit in *Rothner* found that there was no statutory authority for remand based on a defendant's waiver of its right to removal for its litigation activity in state court. *Rothner*, 879 F.2d at 1411, 1416. *Rothner*, however, did acknowledge the long history of the federal courts ordering remands on the basis of waiver-by-litigation under prior versions of the removal statutes which did not include the limiting language found in the pre-1988 version of § 1447(c). *Id.* at 1412-16. Even under the limiting language of the then-current language of § 1447(c), the *Rothner* court concluded that a district court *could* remand on the basis of waiver in "extreme situations" such as where a defendant attempted to remove after the suit was "fully tried." *Id*. The facts in

10

*Rothner* were not so extreme: the only activity the defendant engaged in at the state court was defending against a motion for temporary restraining order, regarding which it had two hour's notice. The defendant had not yet filed an answer and the case had not been pending for 30 days. The plaintiff argued that the defendant had waived its right to remove even before the running of the 30-day period in which to initially remove. The *Rothner* court acknowledged the longstanding common law rule that defending against a motion for TRO did not result in waiver of the right to remove. *Id*. at 1404.

Since *Rothner*, however, § 1447(c) has been amended *twice*. The first amendment specifically removed the very language (authorizing remand only if "the case was removed improvidently and without jurisdiction") that *Rothner* relied upon, and replaced it with two bases for remand: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded…." § 1447(c) (1988). Thereafter, § 1447(c) was *again* amended in 1996. This time, the phrase "any defect in removal procedure" was replaced with "any defect other than lack of subject-matter jurisdiction". *See* § 1447(c) (current). Accordingly, district courts now are authorized to grant a remand for "any" defect. *See, e.g., Radaszewski v. Garner*, No. 01 C 9551, 2002 WL 31430325, *3 (N.D.Ill. Oct. 21, 2002); *Fate v. Buckeye State Mutual Ins. Co*., 174 F. Supp.2d 876, 880-81 (N.D.Ind. 2001) (analyzing *Rothner* in light of the subsequent revisions to § 1447(c)).

Both *Fate* and *Garner* were premised on an analysis of the changing language of § 1447(c) as it directly applies to the matter at issue in this case: whether a defendant waives the right to remove, or to consent to remove, by engaging in certain litigation activities in the state

11

court. As such, the reasoning of *Fate* and *Garner* is much more persuasive than the cases cited by Defendants that have simply adhered to *Rother*—without so much as even acknowledging that the language of the statute has changed. Specifically, Defendants cite several cases for the proposition that, following *Rothner*, waiver is reserved for "extreme situations," where the case has been "fully tried" or the case decided on the merits. Resp. Br., p. 8-9. However, only one of those cases so much as acknowledges that the governing language of § 1337(c) has been amended to remove the language central to *Rothner's* holding.[3] The only case cited by Defendants to address this fact, is *Cahill v. Ivex Novacel, Inc.*, No. 04 C 2566, 2004 WL 2064305 (N.D. Ill. Aug. 31, 2004).

However, while Cahill acknowledges that the language of § 1337(c) had changed, it thereafter did not even look to how the language had changed. It did complete any analysis of

---

[3] The other cases cited by Defendant are inapposite and generally fall within one of three categories:

(a) Those that cite *Rothner* with no analysis of the current statutory language: *see, eg.*; *Dorazio v. UAL Corp.*, No. 02 C 3689, 2002 U.S. Dist. LEXIS 18809 (N.D. Ill. Oct. 1, 2002); *Reder v. Pearlman*, No. 04 C 6104, 2005 U.S. Dist. LEXIS 4432 (N.D. Ill. Feb. 8, 2005) (denying remand as untimely, stating boilerplate quote from *Rother*, but not applying it);

(b) Those that contain fact patters that could not be considered waiver under any accepted standard: (*see, e.g., DeLuca v. Liggett & Myers, Inc.*, No. 00 C 7781, 2001 U.S. Dist. LEXIS 6733 (N.D. Ill. May 24, 2001) (no waiver by defendant when immediately upon filing of complaint, the severely ill plaintiff moved to preserve his own testimony by way of deposition; defendant sought limited discovery in the state court to prepare for that deposition; deposition took place after removal); *Detrick v. Home Depot, U.S.A, Inc*., No. 13 C 3878, 2013 U.S. Dist. LEXIS 102587, *6 (N.D. Ill., July 23, 2013) (no waiver by filing appearance and answer); *Oberweis Dairy, Inc. v. Democratic Cong. Campaign Comm., Inc.*, No. 08 C 4345, 2008 U.S. Dist. LEXIS 84371, *4 (N.D. Ill., Oct. 21, 2008) (defendant engaged only in acts aimed at ascertaining damage amount sought and removed once it was clear diversity threshold met); *Inman v. Daimler-Chrysler Corp.*, No. 00 C 0134, 2000 U.S. Dist. LEXIS 3135, *7-8 (N.D. Ill., Mar. 9, 2000) (fact that defendant filed counterclaim before case was removable is not waiver when defendant removed immediately upon elimination of impediment to removal); *Concert Health Plan Ins. Co. v. Private Healthcare Svcs.*, No. 13 C 446, 2013 U.S. Dist. LEXIS 37536, (N.D. Ill. Mar. 19, 2013) (acceptance of service is not waiver); or

(c) Those that do not stand for what Defendants claim they do: (*see, e.g.*, *Hill v. Maton*, 944 F. Supp. 695, 697 (N.D. Ill. 1996) (court did **not** hold that the "argument that filing motion to dismiss in state court waives right to remove "is a loser in the Seventh Circuit"; rather that was a concession made by the defendant and noted in a footnote).

12

how the amendments to the statute could have impacted *Rothner's* continued application. Rather, in *Cahill*, the court simply stated, again without any analysis as to how it reached its decision, that "there are certain basic principles stated in *Rothner* that remain unchallenged in the Seventh Circuit," one of which being that that "district courts may not remand properly removed cases "for discretionary reasons not authorized by the controlling statute." *Id*. at *2. However, the court in *Cahill*, as stated, failed to analyze the language of the controlling statute. Id. It attempted to distinguish *Fate* by simply stating that *Fate's* conclusions were "unfounded"—again, without giving any reason for the alleged unfoundedness. *Id*.

However, *Cahill*, ultimately held that the defendant's mere filing of a motion for TRO in state court, which the court construed as being a defensive measure, specifically meant to maintain the status quo, did not amount to a waiver. *Id*. *3. *Cahill* then actually cited *Fate* approvingly for the type of litigation activity that would constitute waiver, even as the type of "extreme circumstance" required under *Rothner.* The *Cahill* court stated that the *Fate* defendant's having moved to dismiss the case and sought to bifurcate issues was enough to meet the standard. *Id*.

Remand is appropriate in this case because Initial Defendant's actions in state court constituted much more than taking mere defensive measures to maintain the status quo. Rather, they clearly and unmistakably waived their right to remove this case to federal court, and their right to consent to removal by later-served defendants, by thoroughly and repeatedly filing motions that addressed the merits of the case, including their Motion to Dismiss and their opposition to the filing of the SAVC. In both of those submissions, Initial Defendants staked out positions requesting the court to take action with respect to the merits of Plaintiffs' claims. Moreover, their many and successive motions to stay discovery, quash subpoenas, etc., all were

premised on Initial Defendants' arguments that Plaintiffs' claims were flawed and without merit. The State Court repeatedly denied Initial Defendants the relief they sought. Significantly, the State Court ruled against Initial Defendants on their opposition to the filing of the SAVC. Their opposition was based on their arguments that the claims of the SAVC were without merit and its opposition brief laid out its arguments on the merits—which mirrored the arguments it had laid out in its then-pending Motion to Dismiss, stating:

> Defendants filed a motion to dismiss the First Amended Verified Complaint that, if granted, would dispose of the entire case. Further, if the motion were granted, a number of the counts in the First Amended Verified Complaint would have been dismissed with prejudice. The proposed Second Amended Verified Complaint does not remedy the defects in the previous complaint. Moreover, the counts that would have been dismissed with prejudice [in the Amended Complaint] still are subject to such dismissal (most notably, Plaintiffs' counts for breach of loan agreement, conspiracy, tortious interference with contract and deceptive trade practices.

The State Court unequivocally ruled against Defendants. It was not until after that ruling, that the Initial Defendants' purported to "consent" to removal. Clearly, under any of the standards for finding waiver, Initial Defendants' waived any right they had to remove or to consent to removal. Accordingly, Defendants removal was defective as it did not, and cannot, comply with the mandate under § 1446(b)(2)(A) that all properly joined and served defendants consent to or join in the removal. As such, remand is appropriate.

### IV. Initial Defendants Waived Any Application of the Forum Selection Provisions

Defendants, for the first time in this litigation, contend that this case, all along, should only have been entertained in the Northern District of Illinois based on the forum selection clause in two of the applicable contracts. However, those contracts applied only to one defendant

14

in this case, Wooten.  Wooten voluntarily appeared and subjected herself to the personal and subject-matter jurisdiction of the Circuit Court of Cook County.  Accordingly, she has waived any right to enforce that forum selection provision.  No other Defendant has any right to invoke those provisions.  Defendants' argument is without merit.

## V. Conclusion

For the foregoing reasons and the reasons stated in their Motion to Remand and initial brief in support thereof, Plaintiffs respectfully request that the Court grant their Motion for Remand, remand this case back to the Circuit Court of Cook County, Illinois, and grant Plaintiffs their costs and attorneys' fees as allowed under 28 U.S.C § 1447(c), related to the defective removal of this action.

Dated:  October 1, 2015

**ACT II JEWELRY, LLC, d/b/a "lia sophia" and KIAM EQUITIES CORPORATION**

/s/ Michael F. Hughes
Michael F. Hughes
mhughes@salawus.com
Jeffrey A. Risch
jrisch@salawus.com
SmithAmundsen LLC
3815 E. Main Street, Suite A-1
St. Charles, Illinois 60174
(630) 587-7925
Fax: (630) 587-7395

Jeffrey M. Glass
SmithAmundsen LLC
308 W. State Street, Suite 320
Rockford, Illinois 61101
(815) 904-8804

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2015, I electronically filed the foregoing ***Plaintiffs' Reply in Further Support of their Motion for Remand to State Court*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bradley P. Nelson
FisherBroyles, LLP
345 North Canal Street, Suite C202
Chicago, IL 60606
Email: brad.nelson@fisherbroyles.com
***Attorneys for Defendants***

      I hereby certify that I have mailed by United States Postal Service the document to any non CM/ECF participants.

      Respectfully Submitted,
      **ACT II JEWELRY, LLC, d/b/a lia sophia, and KIAM EQUITIES CORPORATION**

      By: /s/ Michael F. Hughes
           ***One of Plaintiffs' Attorneys***