```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| ACT II JEWELRY, LLC, a Delaware Limited Liability Corporation d/b/a Lia Sophia, and KIAM EQUITIES CORPORATION, a Delaware Corporation,<br><br>           Plaintiffs,<br><br>   v.<br><br>ELIZABETH ANN WOOTEN, ADORNABLE-U, LLC, a Delaware Limited Liability Company, NICOLE MEAD, SHANNON ECKELS, and BECKA DAUN,<br><br>           Defendants. | Case No. 15 C 6950<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Act II Jewelry and Kiam Equities' (collectively, the "Plaintiffs") Motion to Remand this case to the Circuit Court of Cook County, Illinois [ECF No. 37]. For the reasons stated herein, the Motion is denied.

### I. BACKGROUND

Plaintiffs commenced this lawsuit in the Circuit Court of Cook County, Illinois on March 20, 2015. The initial Complaint named two Defendants, Elizabeth Ann Wooten and Adornable-U, LLC (collectively, the "Initial Defendants"). Plaintiffs allege that Wooten — who was formerly employed by Act II Jewelry as a

high-level merchandising executive — violated the terms of multiple employment-related agreements executed between the parties when she formed her own jewelry company, Adornable-U, and began selling jewelry and merchandise that belonged to, or had been designed for, Act II Jewelry.

As a result of several early disputes between the parties, Plaintiffs filed a First Amended Complaint on May 1, 2015, which contained no substantive changes, but eliminated the need for the Complaint to be filed under seal. Initial Defendants responded by filing a Motion to Dismiss on May 21, 2015. Prior to the filing of the Motion to Dismiss, and during its pendency, fact discovery proceeded as to the parties and third parties. Instead of filing a Response to the Motion to Dismiss, Plaintiffs sought leave to file a Second Amended Complaint based on information gathered through the discovery process. The court granted leave to amend and never ruled on the Motion to Dismiss.

On July 17, Plaintiffs filed their Second Amended Complaint, adding new allegations against Initial Defendants, as well as adding three new defendants, Nicole Mead, Shannon Eckels, and Becka Daun (collectively, the "New Defendants"). Mead and Daun were served with the Second Amended Complaint on July 28, 2015, and Eckels was served on July 30, 2015. New Defendants subsequently filed a Notice of Removal on August 10,

2015, to which Initial Defendants consented in writing. Plaintiffs responded by filing a Motion to Remand with this Court.

## II. <u>LEGAL STANDARD</u>

A defendant may remove a state court action to federal court pursuant to 28 U.S.C § 1441. To do so, a defendant must file a notice of removal within 30 days of receiving the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). "The party seeking removal has the burden of establishing the jurisdiction of the district court." *In re Cnty. Collector,* 96 F.3d 890, 895 (7th Cir. 1996). Once a case has been removed to federal court, a plaintiff may file "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

In cases with multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This requirement is referred to as the "rule of unanimity." The application of the removal rules becomes more complicated in cases like this where multiple defendants are served at different times. The statute provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to

the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* at § 1446(b)(2)(C). This language was recently codified by Congress and is commonly referred to as the "last-served defendant rule."

### III. ANALYSIS

In *Rothner v. City of Chicago,* the Seventh Circuit held that a district court's remand authority is limited to the cases where the removing party failed to comply with either the procedural or jurisdictional requirements for removal outlined in 28 U.S.C. §§ 1446, 1447. *Rothner v. City of Chicago,* 879 F.2d 1402, 1411-12 (7th Cir. 1989) (concluding that a court may remand a case for lack of jurisdiction or for noncompliance with "[t]he non-jurisdictional requirements for removal [] contained in § 1446, the section which governs the procedure for removal"). The court went on to hold that § 1446(b) does not authorize a court to remand a case due to a defendant's waiver of the right to remove. *Id.* at 1416. But the court recognized a limited exception to this rule, allowing remand based on waiver in "extreme situations," such as where the parties had fully litigated the merits of the case before the defendant filed for removal. *Id.*

Plaintiffs argue that *Rothner* is no longer good law because the language of § 1447(c), which the *Rothner* court interpreted,

has been amended twice since the case was decided. Plaintiffs attempt to bolster this argument by showing that other circuits recognize waiver as a valid basis for remand. This argument lacks merit for three reasons.

First, Plaintiffs' reliance on cases from other circuits is misplaced because *Rothner* remains binding precedent in this circuit unless and until the Seventh Circuit revisits the waiver issue. This is evidenced by the continued reliance on *Rothner* by courts in this circuit to hold that waiver of the right to remove can only justify remand in "extreme situations." *See, e.g., Oberweis Dairy, Inc. v. Democratic Cong. Campaign Comm., Inc.,* No. 08 C 4345, 2008 WL 4671753, at *3 (N.D. Ill. 2008); *Reder v. Pearlman,* No. 04 C 6104, 2005 WL 326983, at *1 (N.D. Ill. 2005); *Cahill v. Ivex Novacel, Inc.,* 2004 WL 2064305, at *3 (N.D. Ill. 2004); *Dorazio v. UAL Corp.,* No. 02 C 3689, 2002 WL 31236290, at *13 (N.D. Ill. Oct. 2, 2002).

Second, the statutory revisions Plaintiffs point to do not undermine the holding in *Rothner*. Notably, the *Rothner* court specifically addressed the first set of revisions to § 1447(c). The *Rothner* court noted that Congress had revised § 1447(c) "to replace the two grounds [for removal] of 'improvidently' and 'without jurisdiction' with the grounds of 'defect in removal procedure' and 'lack [of] subject matter jurisdiction.'" *Rothner,* 879 F.2d at 1411. The court found these changes to be

further evidence in support of its conclusion that removal is only available in two limited circumstances: (1) where the removing party failed to comply with the procedural requirements for removal outlined in § 1446; and (2) where the court lacked subject matter jurisdiction. *Id.* In regards to the most recent revisions to § 1447(c), in which Congress changed the language of "any defect in removal procedure" to "any defect," Pub. L. 104-219, 110 Stat. 3022 (1996), the legislative history behind this change instructs that it was a "technical" revision intended to clarify that the "30-day limit [for a motion to remand] applies to any 'defect' other than the lack of subject matter jurisdiction." H.R. Rep. 104-799, 2, 1996 U.S.C.C.A.N. 3417, 3418. Thus, this revision concerns the *timing* of the motion to remand. Neither revision substantively changed the district court's limited authority to remand.

Finally, regardless of the changes to the statute, there are certain principles from *Rothner* that remain unchallenged in this circuit. In support of its conclusion, the *Rothner* court noted that a district court may not remand for "discretionary reasons," and should not consider the "defendant's motive for removing." *Rothner,* 879 F.2d at 1407. The court cautioned against reliance on the doctrine of waiver, because it was often used as "'a poorly disguised' vehicle to effect a discretionary remand. . . ." *Id.* The maxim that an order for remand cannot

be made for a discretionary reasons remains true today. Because waiver often involves discretionary considerations, like the defendant's motive for removing the case, it should be applied sparingly and only justify remand in the most "extreme situations."

Here, New Defendants abided by the filing requirements for removal set by statute and Plaintiffs do not challenge removal on the basis of subject matter jurisdiction. Rather, they assert that the removal was defective because it lacked the unanimous consent of all Defendants, as required under the rule of unanimity. Plaintiffs contend that by undertaking "substantial litigation efforts" in state court, Initial Defendants waived their right to remove or to consent to removal by New Defendants.

But the facts presented here simply do not give rise to an "extreme situation[]" justifying remand on the basis of Initial Defendants' waiver of the right to remove. Although the litigation had been ongoing for approximately five months in state court, and both parties have filed a variety of motions, the state court has not made any rulings on the merits of the underlying claims. Initial Defendants' participation in the discovery process and their pending motion to dismiss are not sufficient evidence to prove this is an "extreme situation[]" justifying a finding of waiver. *See, e.g., DeLuca v. Ligget &*

*Myers, Inc.,* No. 00 C 7781, 2001 WL 629398, at *6 (N.D. Ill. 2001) (ruling that preparing for depositions and opposing motions does not constitute a waiver of the right to remove); *Dorazio v. UAL Corp.,* No. 02 C 3689, 2002 WL 31236290, at *4 (N.D. Ill. Oct. 2, 2002) (finding that defendant did not waive its right to remove by filing motion to dismiss before filing notice of removal, but remanding due to lack of subject matter jurisdiction).

Despite Plaintiffs' contentions to the contrary, the Court does not find Initial Defendants' actions in state court to be evidence of their intent to waive their right to removal and fully litigate the matter in that forum. Much of what Initial Defendants did in state court was in response to Plaintiffs' actions. For example, three days after filing the initial Complaint, Plaintiffs brought an Emergency Motion to File the Complaint under Seal based on concerns over confidential information it contained. There is nothing improper about this, of course, but Plaintiffs cannot now point to Initial Defendants' response to this Motion as evidence of their intention to litigate this matter in state court. Then, within days of being granted the Emergency Motion to File the Complaint under seal, Plaintiffs decided to send the confidential Complaint to over 100 of Adornable-U's employees. Initial Defendants' decision to respond by filing a Motion for

Protective Order is better classified as a defensive measure than a manifestation of their intent to adjudicate the merits of the case in state court.

Finally, the last-served defendant rule weighs in favor of not applying the doctrine of waiver to this situation. The last-served defendant rule explicitly provides that an earlier-served defendant may consent to removal initiated by a later-served defendant even though that earlier-served defendant did not previously initiate or consent to the removal. *See*, 28 U.S.C. § 1446(b)(2)(C). The statute makes no distinction between whether an earlier-served defendant's failure to remove was inadvertent or deliberate, and does not consider the earlier-served defendant's reason for not removing. The rule acknowledges that "[f]airness to later-served defendants . . . necessitates that they be given their own opportunity to remove, even if the earlier-served defendants chose not to remove initially." H.R. Rep. 112-10, 14, 2011 U.S.C.C.A.N. 576, 580. The rule was intended to provide for "equal treatment of all defendants in their ability to obtain Federal jurisdiction over the case against them." *Id*. Application of the waiver doctrine to an earlier-served defendant prevents all defendants from unanimously consenting to removal, which in turn, defeats the purpose of the last-served defendant rule.

Initial Defendants did not waive their right to consent to removal by New Defendants. New Defendants obtained the valid consent of all defendants, complied with the procedural requirements for removal outlined in § 1446, and filed for removal within the statutory limits. There is no allegation that the Court lacks subject matter jurisdiction over the case. Therefore, this case was properly removed.

### IV. CONCLUSION

For the reasons stated herein, Plaintiffs' Motion for Remand [ECF No. 37] is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 12/4/2015